189 F.2d 328
 REDWINE, Revenue Commissioner,
v.
CITIZENS & SOUTHERN NAT. BANK.
 No. 13406.
 United States Court of Appeals Fifth Circuit.
 May 30, 1951.
 
 Lamar W. Sizemore, Asst. Atty. Gen. of Georgia, Eugene Cook, Atty. Gen. of Georgia, M. H. Blackshear, Jr., Dy. Asst. Atty. Gen., George E. Sims, Jr., Asst. Atty. Gen., for appellant.
 Croom Partridge, Atlanta, Ga., for appellee.
 Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.
 HOLMES, Circuit Judge.
 
 
 1
 This action, which was ancillary to the main proceeding, was brought by the appellee, as trustee in the matter of Douglas Mills, Inc., in proceedings for reorganization, to enjoin the appellant, in his official capacity as State Revenue Commissioner of Georgia, from proceeding with the assessment and collection of $5,066.52 in income tax deficiencies, alleged to be owing to the State of Georgia by the debtor, and assessed after confirmation of the reorganization plan under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. The court below concluded that the appellant was not entitled to share in the distribution of the funds, and permanently enjoined him from proceeding further with the assessment or collection of such taxes.
 
 
 2
 The undisputed facts are as follows: On January 17, 1950, an order was entered in this proceeding approving the trustee's proposed plan of reorganization, which order provided in part as follows: "(d) All creditors and stockholders affected by said plan shall have until the end of the 31st day of January, 1950, within which to file their proofs of claim herein, and to vote to accept or reject the said plan."
 
 
 3
 There was incorporated in the plan of reorganization, which was confirmed on February 2, 1950, the language of Section 224(1) of the Bankruptcy Act declaring in substance that, upon confirmation, the plan and its provisions should be binding upon all creditors "whether or not their claims or interests have been scheduled or allowed or are allowable". Subsequent to January 31, 1950, which was the expiration date of the bar-order period, the trustee received from the Georgia Department of Revenue a statement of adjustments which the Department proposed to make in the income tax liability of the debtor for the period beginning July 1, 1946, and lasting through the calendar year 1948, whereby such liability would be increased by the total sum of $5,066.52, including interest. The alleged liability to the State of Georgia was not scheduled by the debtor, nor did the trustee have any notice or knowledge of the possibility that such a claim might be asserted until after the plan had been confirmed. No proof of claim based on said liability was filed. At the time the claim was asserted against the trustee, the plan was in the process of consummation, and the trustee had paid out more than $250,000 to bondholders. The bonds to be paid out of the estate amounted to $304,500 in principal.
 
 
 4
 Promptly upon receipt of the statement of the proposed adjustment, counsel for the trustee informed the Department of Revenue of the pendency of these proceedings, and that the time for filing claims had expired. In reply, the Department insisted upon its right to assess the additional taxes. Thereupon, the trustee brought this ancillary action for injunction. Appellant, in his official capacity as State Revenue Commissioner, filed his answer, and a cross-action, praying that relief be denied the trustee, and that the tax claim of $5,066.52 be allowed and accorded priority as provided in the plan of reorganization. He predicated his defense to the injunction on Section 271, Chapter X, of the Bankruptcy Act, 11 U.S.C.A. § 671, and contended that, by virtue of said section, the State as a matter of right could assert its claim for taxes, due but unassessed, prior to the confirmation of the plan of reorganization, provided only that such claim be made within one year from the date of the filing of the petition. The lower court, in concluding that appellant was not entitled to share in the distribution of the funds, construed the language of Section 271 to apply only to taxes accruing during the administration of the reorganization proceedings, and not to deficiency assessments made after confirmation of the plan of reorganization. We think the court erred in this ruling. Said section provides as follows: "Any provision in this chapter to the contrary notwithstanding, all taxes which may be found to be owing to the United States or any State from a debtor within one year from the date of the filing of a petition under this chapter and have not been assessed prior to the date of the confirmation of a plan under this chapter, and all taxes which may become owing to the United States or any State from a receiver or trustee of a debtor or from a debtor in possession, shall be assessed against, may be collected from and shall be paid by the debtor or the corporation organized or made use of for effectuating a plan under this chapter: Provided, however, That the United States or any State may in writing accept the provisions of any plan dealing with the assumption, settlement, or payment of any such tax. July 1, 1898, c. 541, § 271, as added June 22, 1938, c. 575, § 1, 52 Stat. 904."
 
 
 5
 From the language of the foregoing section, it is evident that two tax situations are contemplated. The first consists of "all taxes which may be found to be owing to the United States or any State from a debtor within one year from the date of the filing of a petition under this chapter and have not been assessed prior to the date of the confirmation of a plan under this chapter". The second consists of "all taxes which may become owing to the United States or any State from a receiver or trustee of a debtor or from a debtor in possession". We are not here concerned with the latter provision, because it obviously applies to current taxes which accrue during the administration of the reorganization proceeding. The taxes here claimed were found to be owing within one year from the filing of the petition, and were not assessed prior to the date of the confirmation of the plan of reorganization. We are of the opinion that appellant's claim falls squarely within the first tax situation contemplated in Section 271, and that he is entitled to the benefit of the same.
 
 
 6
 Representative Chandler, in his committee report of the proposed amendment to the Bankruptcy Act of 1898, explained what the committee intended by Section 271. House Committee Report No. 1409, 75th Congress, 1st Session, beginning at page 55, reads as follows: "Section 270 (which when enacted became Section 271, 11 U.S.C.A. § 671) provides that the debtor or the corporation organized under the plan shall be liable for all taxes which may be found to be owing the United States or any State within one year from the date of the filing of the petition and have not been assessed prior to the date of confirmation of a plan. The section also provides for the collection from the debtor or the corporation resulting from the reorganization proceedings of all Federal — State taxes which may become owing from a receiver or trustee of a debtor or from a debtor in possession. This assumption clause is designed to give adequate protection to the interests of the United States Government not only in connection with taxes which became due during the pendency of the proceedings, but also in cases where the current tax return had not been filed during such period or where the amount of tax liability for a year prior period had not been adequately determined by the Treasury Department prior to confirmation of the plan."
 
 
 7
 From the foregoing report, and since the section therein discussed was approved by both Houses without change, it is evident that taxes of a prior period, inadequately determined, may be asserted under Section 271 of the Act as a matter of right, and may be paid as proper expenses of administration. It is mandatory in a proceeding under Chapter X that the plan provide for the payment of all costs, expenses, and allowances. See 11 U.S.C.A. § 616(3); also Vol. 6, Collier on Bankruptcy (14th Ed.), pp. 5220-5222.
 
 
 8
 The judgment appealed from is reversed, and the cause remanded with directions to the court below to consider and determine the claim on its merits.
 
 
 9
 Reversed and remanded.